Anatoliy Andreyevich KULYAK,
Petitioner,

v.

Michael B. MUKASEY, United States
Attorney General, et al.,*
Respondents.

No. 07–3731–ag.

United States Court of Appeals,
Second Circuit.

May 14, 2008.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Anthony Drago, Jr., Boston, MA, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Carl H. McIntyre, Jr., Assistant Director; John J.W. Inkeles, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Newark, NJ, for Respondents.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Anatoliy Andreyevich Kulyak, a native and citizen of Moldova, seeks review of an August 2, 2007 order of the Board of Immigration Appeals ("BIA"), affirming the May 12, 2003 decision of Immigration Judge ("IJ") Michael W. Straus denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kulyak, Anatoliy Andreyevich* No. A71 416 311 (B.I.A. Aug. 2, 2007),** *aff'g* No. A71 416 311 (Immig. Ct. Hartford, Conn. May 12, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, we review the BIA's August 2007 decision regarding whether the Government established a fundamental change in circumstances; with regard to the other issues in this case, we review the IJ's decision as modified and supplemented by the BIA decision. *See id.; Yan Chen,* 417 F.3d at 271.

We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. DHS,* 494 F.3d 281, 289 (2d Cir.2007). However, a determination "based on flawed reasoning ... will not satisfy the substantial evidence standard." *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400 (2d Cir.2005). We will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Id.* at 406. We review de novo questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

A. Jurisdiction and Waiver

As an initial matter, we doubt that, as the Government argues, our jurisdiction is limited by 8 U.S.C. § 1252(a)(2)(C) because that provision does not apply to removal orders of aliens found deportable pursuant to 8 U.S.C. § 1227(a)(2)(A)(i), that is, based on a single conviction of a crime involving moral turpitude. We similarly doubt the Government's assertion that we do not have jurisdiction to review the IJ's denial of Kulyak's motion for a

---

** The BIA's August 2007 decision is construed to have incorporated by reference its August 2004 order to the extent that decision was undisturbed by the April 2007 stipulation and order entered by this Court.

continuance. *See Sanusi v. Gonzales,* 445 F.3d 193, 198–99 (2d Cir.2006). We need not decide those issues at this time, however, because we find that the petition lacks merit for the reasons set forth below. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 338 n. 2 (2d Cir.2006). Because Kulyak failed to raise his claims for CAT relief and humanitarian asylum in his brief to this Court, however, we deem those claims waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir. 2005).

## B. Asylum and Withholding of Removal

■ Assuming that we do have statutory jurisdiction, we nonetheless conclude that the agency's denial of Kulyak's applications for asylum and withholding of removal was not in error. The regulations provide that an applicant who has established past persecution shall be presumed to have a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1). That presumption, however, may be rebutted by a showing that circumstances have fundamentally changed so as to negate his fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A). Here, the BIA permissibly found that the Government established a fundamental change in country conditions given that the 2002 U.S. Department of State Country Report for Moldova in the record indicates that the Moldovan government generally respects its citizens' constitutional right to practice religion and has permitted some minority Christian groups to register with it. Moreover, given that the 2002 U.S. Department of State International Religious Freedom Report for Moldova reported that "generally amicable relations among religions" had "contributed to religious freedom," we do not agree with Kulyak that the BIA erred in finding that conditions in Moldova have changed. Considering the record as a whole, we therefore find no error in the IJ's determination that he failed to overcome the record evidence rebutting the presumption of a well-founded fear. Nor can we find that the agency erred in finding that Kulyak failed to establish that Pentecostal Christians in Moldova are subject to a pattern or practice of persecution. 8 C.F.R. § 1208.13(b)(2)(iii)(A).

As Kulyak concedes, his argument that he is not removable because his refugee status was not revoked is foreclosed by our decision in *Maiwand v. Gonzales,* 501 F.3d 101, 105–07 (2d Cir.2007).

## C. Motion for Continuance

■ We find no abuse of discretion in the IJ's denial of Kulyak's motion for a continuance. We have held that "[a]n IJ would . . . . abuse his discretion in denying a continuance if '(1) [his] decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2)[his] decision— though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions.'" *Morgan v. Gonzales,* 445 F.3d 549, 551–52 (2d Cir. 2006) (quoting *Zervos v. Verizon New York, Inc.,* 252 F.3d 163, 169 (2d Cir. 2001)). Here, Kulyak's counsel partially acceded to the IJ's characterization of the proposed expert testimony as concerning future rather than current conditions in Moldova. As a result, we cannot say that the IJ's denial rested on a "clearly erroneous" factual finding or an error of law. *See Morgan,* 445 F.3d at 551–52. Nor do we consider his denial of the motion to be outside "the range of permissible decisions," notwithstanding the centrality of the country conditions issue, because there is no indication that had Kulyak's expert testified, the IJ would have found that his testimony was both pertinent and suffi-

cient to overcome the State Department reports. *See id.*

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the petitioner's pending motion for a stay of removal is DISMISSED as moot.